UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNROOF de MEXICO, S.A. de C.V.,

        Plaintiff,                  Case No. 05-40031

vs.                                        HONORABLE PAUL V. GADOLA

                                            HONORABLE STEVEN D. PEPE

WEBASTO ROOF SYSTEMS, INC.

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION TO STRIKE DOCUMENTS (Dkt. # 23),
GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY
AND SCHEDULING ORDER (Dkt. #31),
AWARDING SANCTIONS,
AND MODIFYING THE SCHEDULING ORDER

      The two motions noted above were referred for hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A). The parties submitted briefs and participated in a telephonic hearing on December 13, 2005. The issues presented in both motions revolve around Plaintiff's failure to meet the Court's deadlines in providing documentary and expert accounting support for the $14,236,800.00 in damages pled nearly a year ago in its January 31, 2005, complaint.

      Defendant has attempted to obtain adequate evidence of damages from Plaintiffs. Such information was not forthcoming in the March 2005 initial disclosures, nor in response to the document requests accompanying Defendant's May requests for admissions, nor in the documents produced in conjunction with the October deposition of Plaintiff's president. When Defendant's August 2005 interrogatories and request for production also produced insufficient responses,

Defendant filed a motion to compel production. Defendant's motion to compel was heard on October 19, 2005, at which time there had already been two extensions of the discovery and motion cut off dates originally set on March 24 for July 30 and August 30. The new discovery cut off date was November 30. Following an October 19 telephonic hearing, Plaintiff was ordered on October 20 to provide Defendant with all documents in its possession that support its claim for damages on or before November 2, 2005. Plaintiff was warned that it could not use any documents on damages at trial not produced by that date. The documents were being brought and sent from Las Vegas by one of Plaintiff's attorneys. While he arrived back in Michigan late on November 2 with some of the documents and others being sent, the documents were not fully made available for inspection by defense counsel until November 4, 2005. Apparently those portions desired were copied for Defendant's counsel by November 14, 2005.

    Defendant filed a motion to enforce this Court's October 20 order. Its counsel argued that the documents should be stricken due to Plaintiff's failure to maintain strict compliance with Court's order after a pattern of repeated delays and neglect of its discovery production obligations. Yet, notwithstanding the logic of their assertion that court orders are to be obeyed, the short time difference in the production, what appears to be a good faith, albeit belated, effort that constituted substantial compliance with the October 19 order, and the lack of prejudice in the few day delay to Defendant does not warrant the sanction Defendant seeks. Therefore, the documents may be used to support Plaintiff's damage claim. No additional documents of Plaintiff may be used by Plaintiff's counsel or expert to support its damage claim.

    In addition to the two prior scheduling extensions, Plaintiff, on the day after the December 1 deadline passed for Plaintiff's expert report, moved for an extension of time in which to produce

its expert's report and deposition. Citing language barriers, international record keeping issues and geographical obstacles – all of which should reasonably have been known months ago – Plaintiff's counsel explained that its United States based accounting expert, in conjunction with the expert's affiliated Mexican field office accountant, had been unable to complete a verifiable report for production within the agreed upon time-frame. While adequate consultation with its expert by Plaintiff's counsel would likely have surfaced this problem at the time the original dates for expert reports and depositions were established in October, denial of Plaintiff's motion would, in effect, constitute a summary judgement on damage proofs, because in the state described at the hearing, Plaintiff's expert submissions provided by December 1 likely would not meet the admissibility standards of Fed. R. Evid. 702 as interpreted by *Daubert v. Merrell Dow Pharm.,* 509 U.S. 579, 113 S.Ct. 2786 (1993) and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167 (1999). Because of the preference to resolve cases on the merits, and not to dismiss them without warning on procedural grounds, Plaintiff's motion is granted on the conditions stated below that will mitigate, in part, the costs and prejudice to Defendants caused by Plaintiff's lethargic pursuit of its claims.

Plaintiff shall be permitted to submit its expert report to the offices of defense counsel on or before 4:45 PM on January 3, 2006, on the following conditions: (1) within fourteen (14) days of a stipulation or court determination as to amount, Plaintiff shall pay the costs including attorney fees Defendant incurred in filing and/or defending these two motions;[1] (2) Plaintiff's experts, both

---

[1] Defendant shall provide the undersigned with a stipulated bill of costs and attorney fees or, if an agreement cannot be reached, an itemized bill of costs including an itemized attorney fees statement for a determination of the costs and fees. Plaintiff shall have ten days from the date of service to enter objections to a non-stipulated bill of costs, and further costs may be imposed for non-meritorious objections.

Harold Dubrowsky and Hector Bautista Esquivel, shall be made available at Plaintiff's expense (including both travel and translator expenses) for deposition at defense counsel's offices in Michigan on or before January 31, 2006; (3) Defendant's expert report shall be submitted on or before March 31, 2006, with a deposition to occur on or before April 14, 2006.

Failure of either side to comply with the terms of this order shall result in the waiver of its right to have an expert testify at trial on damages and any consequences resulting from this exclusion.

## MODIFIED SCHEDULING ORDER

The Final Pretrial Order is due on May 8, 2006, with a Final Pretrial Conference set for May 15, 2006, at 2:00 PM before the Honorable Paul V. Gadola. A Jury Trial is set for the trailing docket of June 5, 2006, at 9:00 AM before the Honorable Paul V. Gadola. The December 15, 2005, Dispositive Motion Cut-off date set on August 29 (Dkt. # 15) remains unchanged except for any motion related to Plaintiff's failure to comply with this order which may be brought after that date.

SO ORDERED.

Dated: December 14, 2005               s/Steven D. Pepe
Ann Arbor, Michigan                    United States Magistrate Judge


Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on December 14, 2005.

s/William J. Barkholz
Courtroom Deputy Clerk