UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNROOF de MEXICO, S.A. de C.V.,

      Plaintiff,      Case No. 05-40031

vs.             HONORABLE PAUL V. GADOLA
              HONORABLE STEVEN D. PEPE

WEBASTO ROOF SYSTEMS, INC.
   Defendant.
_____/

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO STRIKE DOCUMENTS (Dkt. #50 )

  This is a contract claim by Sunroof de Mexico, S.A. de C.V., a Mexican distributor of Webasto Roof Systems' sunroofs in Mexico, for an alleged 2001 breach of its January 30, 1990 exclusive distributorship agreement. On March 8, 2006, Defendant filed a motion to strike multiple damages documents produced by Plaintiff after deadlines set by this Court in October 20 and December 14, 2005 orders and enforce the December 14th order's warning by precluding Plaintiff's experts from testifying at trial and use of certain documents (Dkt. # 50).

  This motion was referred for hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A). The parties submitted briefs and participated in an in-person hearing on April 13, 2006.

  Plaintiff contends that this motion, if granted, will be case dispositive because it will undermine its ability to prove its damages at trial. Yet, technically Defendant's motion is not a case dispositive motion under 28 U.S.C. § 636(b)(1)(B). Defendant's current motion requests that for Plaintiff's violation of earlier orders of this Court regarding damages discovery and experts that the Court impose the sanction of excluding certain evidence: (1.) damages documents produced after

1

the date set for production and the extended date allowed for damage document production, as well as (2.) the related testimony of Plaintiff's damage experts that is based on those tardy documents. This is a sanction specifically permitted under Fed.R. Civ. P. 37(b)(2) for failure of a party to comply with a court order to provide or permit discovery. In this case, as noted in detail below, Plaintiff was ordered to produce certain discovery documents on damages to Defendant by a certain date, and produce an expert report and experts for deposition who were specifically limited to using those documents that Plaintiff had produced to Defendant by the deadline. As will be shown, Plaintiff has violated these orders. Fed.R. Civ. P. 37(b)(2)(B) specifies as a permissible sanction "prohibiting [the disobedient] party from introducing designated matters in evidence." Defendant seeks to prohibit Plaintiff from having its experts testify and from otherwise using any damages evidence beyond that produced by the deadlines specified, and thereafter extended, by this Court.

28 U.S.C. 636 (b)(1)(A) lists pretrial duties that a federal district judge can refer to a magistrate judge for hearing and determination consistent with Article III of the U.S. Constitution. 28 U.S.C. 636 (b)(1)(A) specifically excludes reference of motions "to suppress evidence in a criminal case", which suggests that Congress considered reference of motions to exclude evidence and allowed them for hearing and determination in civil cases.[1] Accordingly, this motion will be considered as referred for hearing and determination. If the Article III judge in reviewing any

---

[1] *Ann L. v. X Corp.,* 133 F.R.D. 433, 435 (W.D.N.Y.,1990)(" Jurisdiction of a magistrate over suppression motions in civil cases under 28 U.S.C. § 636(b)(1)(A) is confirmed by that subparagraph's enumeration of criminal case suppression motions as excluded from subparagraph (b)(1)(A) jurisdiction. The clear inference is that suppression motions in civil cases under Fed.R.Civ.P. 26(c) may be determined by a magistrate, subject to a "'clearly erroneous or contrary to law' standard of review.").

objections to this opinion and order determines that it is appropriate to review the matter under a "de novo" standard applied to matters handled under 28 U.S.C. 636 (b)(1)(B) instead of a "clearly erroneous or contrary to law "standard of 28 U.S.C. 636 (b)(1)(A), he may modify the reference and make such findings under such standards as he deems appropriate.

After a thorough consideration of the matter and for the reasons stated below, Defendant's motion is GRANTED.

### I. CASE PROCEDURAL BACKGROUND

Plaintiff filed its complaint on January 31, 2005, alleging breach of contract and specifying damages of $14,236,800.00 . A March 3, 2005, scheduling order required discovery to be completed by July 30, 2005, and set a trial date of February 6, 2006 (Dkt. #7). A July 26, 2005, stipulated order extended discovery until September 30, 2005 (Dkt. # 11). Plaintiff filed a motion for partial summary judgment on August 3, 2005, (Dkt. #12). An August 29, 2005, stipulated order extended discovery again until November 30, 2005 (Dkt. # 15). Defendant filed its motion to compel discovery on September 19, 2005, which will be described further below (Dkt. # 16). This motion was granted in part on October 20, 2005, in an order which extended the scheduling order for the third time with discovery to close on January 19, 2006, Plaintiff's expert report due December 1 and Defendants expert report was due January 16 (Dkt. # 21). This order specified that:

> 1. On or before November 2, 2005, Plaintiff shall produce to Defendant all remaining documents in support of its request for damages contained in the Complaint.
> 2. No documents, other than those produced to Defendant by November 2, 2005, may be used by Plaintiff or Plaintiff's experts to support its claim for damages, except for those produced by Defendant and/or those documents which Plaintiff receives in response to the subpoena it served on Hollandia Sunroofs of Mexico.
>
> \*\*\*
>
> 5. Plaintiff's expert report on damages shall be submitted on or before December

1, 2005. Plaintiff's expert shall be available to be deposed on or before December 21, 2005.

After Plaintiff missed November 2nd deadline, Defendant filed a motion on November 10, 2005, to strike documents produced by Plaintiff after November 2nd (Dkt. # 23). Plaintiff also missed the December 1, 2005, expert report deadline. On December 2, 2005, Plaintiff filed a motion requesting a fourth extension of discovery and making its expert available within 30 days, noting "This is Plaintiff's first Motion to extend the Court's Scheduling Order." (Dkt. #31). The motion specifically identifies the statement of issues presented as:

### STATEMENT OF THE ISSUE PRESENTED

Whether Plaintiff should be granted a thirty-day extension to file its final Expert Report and make its expert witness available for deposition?

Plaintiff's answer: Yes.

The motion mentions that the Plaintiff's expert "Harold Dubrowsky of Grant Thornton advised Plaintiff's counsel by correspondence that additional time was required to finalize his expert report." In its argument Plaintiff asserts:

Plaintiff and its expert witness have worked diligently to formulate an expert report supporting Plaintiff's claim for damages. Given the difficulties associated with Plaintiff's location and the barriers between Grant Thornton and Plaintiff (both geographic and linguistic), the development of Plaintiff's expert report has been delayed. Plaintiff's expert believes that a final report can be prepared with an additional 30 days.

The series of delays in getting Plaintiff's damages documents from the initial disclosures through to the missed November 2 deadline were apparent to all by this time, but those documents, it was believed, were produced to defense counsel in mid-November. Plaintiff's December 2 motion made no request for any modification of paragraph 2 of the October 20, 2005, Order which limited

4

the materials upon which its damages expert could rely to documents produced to Defendant by November 2005. Indeed, it appeared the Plaintiff's December 2 request was for the Plaintiff's expert to have more time to analyze the damages documents and complete his expert report than the 2 weeks allowed from November 14 (when the damages documents were finally assembled and available) to December 1 when the expert report was due.

In a December 14, 2005, order Defendant's motion to strike and bar the use of the Plaintiff's damage documents was denied (though Plaintiff was ordered to pay Defendant's legal costs (determined to be $4,182 (Dkt. # 53)) associated with bringing the motion). Defendant had sought to exclude Plaintiff's experts from using the damages documents tardily produced by November 14. Yet, after finding substantial compliance with the October 20 order and no prejudice to Defendant, it was determined:

> Therefore, the documents may be used to support Plaintiff's damage claim. ***No additional documents of Plaintiff may be used by Plaintiff's counsel or expert to support its damage claim.***

December 14, 2005, Order; Dkt. # 53, p. 2 (emphasis supplied).

Reiteration of this limit on Plaintiff's coming up with more damages documents was specifically requested by defense counsel at the December 13 hearing. In order to impress on Plaintiff's counsel that continued disregard of its discovery obligations would not be forgiven the next time, at the December 13 hearing it was stated "I will put as Draconian language in this next order as I can and this time I will mean it."

Plaintiff's December 2 motion for "a thirty-day extension to file its final Expert Report and make its expert witness available for deposition" was granted (Dkt. # 38). The December 14, 2005, order specified:

> Plaintiff shall be permitted to submit its expert report to the offices of defense counsel on or before 4:45 PM on January 3, 2006, on the following conditions: (1) within fourteen (14) days of a stipulation or court determination as to amount, Plaintiff shall pay the costs including attorney fees Defendant incurred in filing and/or defending these two motions; (2) Plaintiff's experts, both Harold Dubrowsky and Hector Bautista Esquivel, shall be made available at Plaintiff's expense (including both travel and translator expenses) for deposition at defense counsel's offices in Michigan on or before January 31, 2006; (3) Defendant's expert report shall be submitted on or before March 31, 2006, with a deposition to occur on or before April 14, 2006.
> ***Failure of either side to comply with the terms of this order shall result in the waiver of its right to have an expert testify at trial on damages and any consequences resulting from this exclusion.***

*Id*. at p. 2-3 (emphasis supplied).

Because the Court was not requested to modify its October 20 order limiting Plaintiff's experts to the damages documents produced to Defendant in November, this December 14 order fully anticipated that the 30 days extension to produce the expert report would comply with that November condition as modified and reiterated by the December 14 order.

Defendant filed its motion for summary judgment on December 13, 2005 (Dkt. # 36).[2]

## II. THE CURRENT MOTION

Defendant's current motion revolves around a repeated pattern of Plaintiff's failure to meet this Court's deadlines and specific orders to provide the documents and expert accounting support for the $14,236,800.00 damages claim it specifically pled over a year ago in its January 31, 2005, complaint.

Defendant has attempted to obtain adequate evidence of damages from Plaintiff. Such information was not forthcoming in the March 2005 initial disclosures, nor in response to the

---

[2] Both parties' dispositive motions were denied on March 31, 2006 (Dkt #56).

document requests accompanying Defendant's May requests for admissions, nor in the documents produced in conjunction with the October deposition of Plaintiff's president. When Defendant's August 2005 interrogatories and request for production also produced insufficient responses, Defendant filed a motion to compel production. Defendant's motion to compel was heard on October 19, 2005, at which time there had already been two extensions of the discovery and motion cut off dates, originally set on March 24, for July 30 and August 30. The new discovery cut off date was November 30. As noted above Plaintiff was ordered on October 20 to provide Defendant with all documents in its possession that support its claim for damages on or before November 2, 2005. Plaintiff was warned that it could not use any documents on damages at trial not produced by that date. The documents were being brought and sent from Las Vegas by one of Plaintiff's attorneys. While he arrived back in Michigan late on November 2 with some of the documents and others being sent, the documents were not fully made available for inspection by defense counsel until November 4, 2005. Apparently those portions desired were copied for Defendant's counsel by November 14, 2005.

Defendant filed a motion to enforce this Court's October 20 Order and strike the damages documents for Plaintiff's failure to comply with the October 20 Order after a pattern of repeated delays and neglect of its discovery production obligations. On December 14, 2005, Defendant's motion to strike the documents was heard and denied "notwithstanding the logic of their assertion that court orders are to be obeyed, the short time difference in the production, what appears to be a good faith, albeit belated, effort that constituted substantial compliance with the October 19 order, and the lack of prejudice in the few day delay to Defendant does not warrant the sanction Defendant seeks. Therefore, the documents may be used to support Plaintiff's damage claim." (Dkt. #38). But

as noted above, this Order specified that, "No additional documents of Plaintiff may be used by Plaintiff's counsel or expert to support its damage claim." The parties were also warned that failure to comply with the terms of the December 14, 2005, order "*shall* result in the waiver of its right to have an expert testify at trial on damages and any consequences resulting from this exclusion." *Id.* (emphasis added).

The parties agree that subsequent to the December 14, 2005, Order the following events transpired:

December 21-22, 2005 - Plaintiff's counsel and United States based accounting expert, meet with Plaintiff and the expert's affiliated Mexican field office accountant in Mexico City in order to complete its expert damage report.

January 3, 2005 - Plaintiff's expert report is forwarded to Defendant.

January 30 and 31, 2006 - Defendant deposes Plaintiff's expert witnesses.

February 23, 2006 - Plaintiff's produce 1,370 documents which their expert's relied on in formulating their damages calculations.

(Dkt. # 52, p. 5).

Defendant's current motion asks that the Court strike all documents produced after the Court's November 14, 2005, deadline and Plaintiff's experts and expert report, pursuant to the Court's December 14, 2005 order.

Defendant contends that 1,347 of these 1,370 pages of documents had not been produced before. It is also not disputed that Plaintiff's expert relied on certain, if not all, of these added documents in forming his expert opinion and in preparing his expert report. At the hearing on this motion, defense counsel asserted that Plaintiff's expert acknowledged that he could not have

8

prepared a suitable damages report based on the documents produced to Defendant by November 14, 2005. This need for additional documents apparently necessitated the December 21-22, 2005, trip to Mexico by Plaintiff's United States based expert. At the hearing Plaintiff's counsel acknowledged that even the methodology for measuring damages changed from that noted to the Court at earlier hearings.

Defendant argues it has been prejudiced by taking the deposition of Plaintiff's experts and having its expert prepare a report without having knowledge of these added documents beforehand

**II.     ANALYSIS**

Unlike the earlier hearing when Defendant's motion to strike the damages documents was denied because of Plaintiff's substantial compliance within a few weeks of the deadline and no showing of prejudice, here there has not been substantial compliance and the 100 plus days delay in producing these new damages documents has prejudiced the defendant, who acted in reliance on the incomplete November document production, deposed Plaintiff's experts and purportedly prepared a defense expert report. Plaintiff does not allege that it complied or even essentially complied with the December 14, 2005, Order. Instead, Plaintiff bemoans the consequences of this Court enforcing its orders and threatened sanctions. Plaintiff's counsel once again argues the obstacles he faced in obtaining documents from his foreign client and again asks the Court to disregard the sanctions that were so unequivocally expressed. Yet, the problems of production from Plaintiff could and should have been anticipated by the summer or early fall of last year. One must look with suspicion at the facts surrounding this last production.

Plaintiff's December motion only sought more time for its expert to complete his report. Yet, Plaintiff's counsel has had at least since last summer to get a clear outline of documents his expert

9

needed to prepare a damages report. Why these documents could apparently be obtained on the expert's two day trip to Mexico on December 21 and 22, but not in the many months before the November deadline is unexplained.[3] Plaintiff did not raise the issues of a need to gather more documents from Mexico at the October 19, 2005, hearing on Defendant's motion to compel discovery, nor at the December 13, 2005, hearing on Defendant's motion to strike documents, even though his damages expert apparently planned to head south a week later. After Plaintiff's counsel became aware that its experts required more documents and prior to the production of its expert report and/or deposition of his expert there was never a motion filed by Plaintiff seeking more time to produce its own discovery or seeking relief from the October 20 or December 14 orders limiting the data base for its expert. Indeed, Plaintiff did not even inform defense counsel of the existence of these newly retrieved documents prior to or in conjunction with the production of the expert report and expert deposition.[4] Instead, it delayed production of these documents until February 23, 2005, after allowing Defendants to rely on its expert report, produced January 3rd, and expert depositions, taken January 30-31st. Therefore, while striking the tardy documents and Plaintiff's damages experts may well be fatal to Plaintiff's proof of damages, Plaintiff's actions and inactions in light of the Court's previous warnings justify such an outcome.

While discovery sanctions limiting evidence properly imposed under Fed. R. Civ. P. 37(b)(2)

---

[3] With the new mass of documents obtained on this December trip to Mexico, Plaintiff's expert was apparently able t prepare a damages report to meet the January 3, 2006, extended deadline.

[4] It appears from Defendant's counsel argument at the hearing in this matter that one of Plaintiff's experts may have testified at his January 2006 deposition, after his report was submitted, that he did not rely on the documents produced in November 2005, thereby giving Defendant some notice that other documents were used. Yet, these documents were not produced at the deposition by Plaintiff or his experts.

do not need to meet the standards for a formal dismissal of a claim, the facts here would meet those more strenuous standards. The Sixth Circuit considers four factors when considering dismissal under either Rule 37(b)(2) or Rule 41(b):

> '(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'(quoting *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999)). 'Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct' *Id.*

*Bryant v. U.S., ex rel. U.S. Postal Service*, 2006 WL 305661, *3 (6th Cir. 2006).

At a minimum, Plaintiff is at fault for failing to comply with Defendant's discovery requests and the Court's orders to produce its damages documents. Now Defendant has been prejudiced by the fact that Plaintiff did not produce its damages documents for its expert prior to Plaintiff producing its expert report and experts for depositions. Plaintiff's argument that these documents were not requested until after the deposition is without merit because Defendant had no notice that any other documents existed before that time and because there was already a court order in place stating that all documents that would be allowed to support of damages had been produced as of November 14, 2005.

Regarding the *Knoll/Bryant* third criterion, Plaintiff had been warned of the sanctions for non-compliance in two previous orders. The October 20, 2005, Order stated that only documents produced by November 2, 2005, could be used to support Plaintiff's claim for damages. The December 14, 2005, Order allowed documents produced by November 14, 2005, to be used to support Plaintiff's claim for damages, but was explicit that Plaintiff and its experts could rely on no other documents. That Order was also explicit that the sanction for non-compliance would be a

"waiver of its right to have an expert testify at trial on damages and any consequences resulting from this exclusion". This Order was issued the day after Plaintiff's counsel was warned at the hearing that the next order will contain "Draconian language" for any further failure to comply and this time the Court "will mean it."

The undersigned has considered and in the past imposed less drastic sanctions for Plaintiff's failure to comply with discovery requests and orders. Plaintiff was allowed to produce documents late in violation of the October discovery Order, required instead to pay Defendant's attorney fees in connection with attempting to enforce the Order and produce its experts for deposition in Michigan.

Plaintiff's counsel requested at the hearing an alternative sanction of only striking the additional documents produced in February 2006 but allow its experts to testify. Yet, this would involve reopening discovery for a new expert report and further depositions. Defense counsel suggested that, based on the testimony of Plaintiff's experts, it was unlikely if not impossible for Plaintiff's expert to produce a damages report on the documents produced on or before November 14. Because of the complexities and uncertainties as to the feasibility of such an approach, it should not be entertained by way of an oral motion to allow a new Plaintiff damages report and testimony.

The motion before the Court is to strike the report and testimony of Plaintiff's experts that were based on materials not produced to Defendant in the time period allowed and preclude use of the new damages documents at trial. The analogy used at the hearing on this motion to strike was that Plaintiff was given a deadline, and then an extended deadline, to produce the "deck of cards" on damages that it wished to use in this case. Then, without prior notice nor prior Court permission Plaintiff chose to add a significant number of cards to the deck that had been used in formulating

its expert damages report. While after the expert depositions Plaintiff finally decided to provide the Defendant the modified deck of damages documents, this does not undo nor justify the prior wrongdoing. Plaintiff's counsel again asks for "pardon" instead of "permission." Plaintiff has received multiple discovery deadline extensions, and has used up its "pardon" after missing the earlier November 2, 2005, document production deadline and its December 1, 2005, expert report deadline. The reasonable "storehouse of credits" that attorneys generally have with indulgent courts has, in this case, run out. While striking the expert report and any use of the new documents produced in February 2006 and any expert testimony based on them is a harsh sanction, it should come as no surprise in light of the clear warnings. Nor, on the facts of this case, is it unwarranted. Plaintiff was given ample opportunity to comply with Defendant's discovery requests and this Court's orders. Its failure to do so has drawn the promised penalty. At some point court-ordered deadlines must be met or threatened sanctions imposed. To hold otherwise in this case would retard the orderly processing of civil litigation, needlessly increase the transaction costs for all and erode the stature of courts by rendering all of its orders negotiable.

Accordingly, Defendant's motion to strike is granted and Plaintiff's additional damages documents produced in February 2006 are stricken from the discovery, Plaintiff's expert report is stricken, any expert who participated in preparing the report based on the stricken documents is stricken from the witness list and may not testify at trial, nor may there be any testimony at trial based on the stricken documents.

SO ORDERED.

Dated: April 19, 2006             s/Steven D. Pepe  
Ann Arbor, Michigan            United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Order was served upon the attorneys of record by electronic means on April 19, 2006.

s/William J. Barkholz  
Courtroom Deputy Clerk